

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-18-2008

# Elite Sportswear v. NY Life Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4870

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

## Recommended Citation

"Elite Sportswear v. NY Life Ins Co" (2008). *2008 Decisions.* Paper 1429.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1429

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-4870

———————

ELITE SPORTSWEAR PRODUCTS, INC.,
Appellant

v.

NEW YORK LIFE INSURANCE COMPANY

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 05-cv-05181)
Magistrate Judge:  The Honorable Timothy R. Rice

———————

Submitted Under Third Circuit LAR 34.1(a)
March 3, 2008

———————

Before: BARRY, JORDAN and HARDIMAN, Circuit Judges

(Opinion Filed: March 18, 2008)

———————

OPINION

———————

BARRY, Circuit Judge

Between October 1984 and November 1986, New York Life Insurance Company

("NYLIC") issued four life insurance policies to Elite Sportswear Products, Inc. ("Elite").

On September 30, 2005, Elite filed suit against NYLIC asserting various tort and breach

of contract claims arising from NYLIC's use of loans secured against the policies' cash values and dividends to pay the policies' premiums. The District Court granted summary judgment in favor of NYLIC on October 25, 2006, holding (1) that Elite's tort claims were barred by Pennsylvania's two-year statute of limitations and (2) that Elite's breach of contract claims failed as a matter of law. The District Court also held that the class action settlement agreement in *Willson v. New York Life Insurance Co.*, No. 94-127804, 1995 N.Y. Misc. LEXIS 652 (N.Y. Sup. Ct. Nov. 8, 1995), barred Elite's claims under the doctrines of release and *res judicata*. Elite timely appealed.[1]

Elite raises a single issue on appeal, namely whether the District Court erred in concluding that the notice of settlement provided in *Willson* met the requirements of due process. We need not reach this issue, however, because, as appellee correctly argues, it is one of two alternative grounds on which the District Court's decision was based. Elite's failure to challenge the District Court's conclusions with respect to the timeliness of its tort claims and the adequacy of its contract claims in its opening brief constitutes a waiver of these issues on appeal,[2] *see United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir.

---

[1] The District Court exercised jurisdiction pursuant to 28 U.S.C. § 1332. We exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291.

[2] Elite does not seriously challenge these conclusions even in its reply brief, stating only the following:

> [NYLIC] argues that [Elite], in its Appellant brief, argued notice but failed to discuss the two year statute of limitations for tort claims or argue breach of contract. Because the tolling of the statute of limitations in tort and breach of contracts [claims] are dependant upon notice and discovery, whether or not adequate notice was provided to Elite is a genuine issue of

2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal"), and we therefore will affirm because these unappealed aspects of the District Court's decision represent an adequate and independent ground for granting summary judgment in favor of NYLIC.

---

material fact to a finding of either. (Reply Br. at 1.) Although it is less than clear, Elite's argument appears to conflate notice of the accrual of its claims against NYLIC with notice of the *Willson* settlement. If this is the argument, it is without merit.